UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff/Respondent,

v.

**MEMORANDUM OPINION
AND ORDER**
Crim. No. 11-46 (MJD)

Robert W. Dufresne III,

      Defendant/Petitioner.

_____

      Petitioner, on his own behalf.

      Robert M. Lewis, Assistant United States Attorney, Counsel for Respondent.

_____

      This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.

**I.    Factual/Procedural Background**

      On February 7, 2011, Petitioner was charged by Information with mail fraud in violation of 18 U.S.C. § 1341 and money laundering in violation of 18 U.S.C. §§ 1957 and 2.  (Doc. No. 1.)  On February 18, 2011, Petitioner entered into a Plea Agreement and pleaded guilty to the crimes charged in the Information.  (Doc. No. 5.)

Pursuant to Paragraph 2 of the Plea Agreement, Petitioner agreed that from October 2005 through October 2008, he devised and participated in a scheme or artifice to defraud by seeking investors to supply funds for a real estate scheme, but instead of using the funds as promised, the Petitioner spent funds for purposes that were not approved by the investors, including the use of funds for Petitioner's personal benefit. (Doc. No. 5, p. 3.) In addition, Petitioner agreed that he engaged in the scheme knowing the investors did not know about and would not have approved of the use of their funds for Petitioner's personal benefit and that in furtherance of the scheme, he used the U.S. mail. (Id.)

At the time Petitioner entered a plea of guilty to the crimes charged in the Information, he was placed under oath and asked if he understood the terms of the Plea Agreement. (Doc. No. 36 (Plea Tr. 2-16).) Petitioner replied that he did understand the terms. (Id.) The Court also discussed Petitioner's constitutional rights and inquired as to whether he understood those rights and whether he was willing to give up those rights by entering into a Plea Agreement. (Id. at 16-21.) The Court also asked Petitioner if he had enough time to speak with his attorney, to which he replied "Yes. Yes, I have visited with her several times." (Id. at 19.) The Court further asked if defense counsel had gone over the evidence the

government has against him, and whether Petitioner talked with counsel about going to trial. (Id.) Petitioner replied in the affirmative, and stated that he was satisfied with her representation. (Id.) The Court also asked Petitioner if he understood his constitutional rights and whether Petitioner was knowingly, voluntarily and intelligently giving up those rights by entering a plea of guilty. (Id.) Petitioner replied "I do." (Id.)

On the record, and under oath, Petitioner admitted that from October 2005 through 2008, he ran an investment program involving real estate, and that during this time, without the investor's knowledge or approval, he used some of the investment funds for purposes other than the investment program, such as spending money on his own behalf and that some investor funds were returned to other investors. (Id. at 21-22.) He also admitted that he used the U.S. mails to further the scheme. (Id. at 22-23.)

On March 6, 2012, Petitioner was sentenced to a term of imprisonment of 97 months; which was the low end of the applicable guideline range. Petitioner was also ordered to pay restitution in the total amount of $6,115,286.48.

Petitioner appealed his sentence to the Eighth Circuit Court of Appeals, arguing that this Court wrongfully enhanced his guideline range for obstruction

of justice and by refusing to reduce his guideline range for acceptance of responsibility.  The Petitioner's sentence was affirmed by the Eighth Circuit and final judgment entered on November 27, 2012.  United States v. Dufresne, 698 F.3d 663 (8th Cir. 2012).

Petitioner filed a timely motion to vacate his conviction pursuant to 28 U.S.C. § 2255.  Petitioner argues he is entitled to the relief sought because he received ineffective assistance of counsel at and prior to entering into a Plea Agreement and by pleading guilty to the crimes charged in the Information.

**II.   Standard**

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors.  Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011).  It is not intended to be a substitute for appeal or to relitigate matters decided on appeal.  See Bousley v.

United States, 523 U.S. 614, 621 (1998); Davis v. United States, 417 U.S. 333, 346-47 (1974)).  Failure to raise an issue on direct appeal generally constitutes a procedural default, which prohibits the petitioner from raising the issue for the first time in a § 2255 motion.  Bousley, 523 U.S. at 621.  A procedural default will be excused only if the petitioner can demonstrate cause and actual prejudice or that he is actually innocent.  Id. at 622.  See also Lindsey v. United States, 615 F.3d 998, 1000 (8th Cir. 2010); United States v. Bailey, 235 F.3d 1069, 1072 (8th Cir. 2000).

As noted above, the only issues Petitioner raised on appeal involved his sentence.  In this proceeding, Petitioner asserts only claims of ineffective assistance of counsel with respect to the decision to enter into a Plea Agreement and plead guilty to the crimes charged in the Information.  Because claims of ineffective assistance may constitute both cause and prejudice to excuse a procedural default, the Court will proceed to address the merits of his claims.  See Boysiewick v. Schriro, 179 F.3d 616, 619 (8th Cir. 1999) (citation omitted).

III.   Analysis

    A.   **Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel must be scrutinized under the

two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  Under the Strickland test, Petitioner must prove that 1) counsel's representation was deficient, and 2) counsel's deficient performance prejudiced Petitioner's case. Cheek v. United States, 858 F.2d 1330, 1336 (8th Cir. 1988) (citing Strickland, 466 U.S. at 687).

To satisfy the first prong of the Strickland test, Petitioner must show that counsel's representation fell below an objective standard of reasonableness under professional norms.  Strickland, 466 U.S. at 688.  The inquiry should be whether counsel's assistance was reasonable considering all of the circumstances surrounding the case.  Id.  Judicial scrutiny of counsel's performance should be highly deferential and the general presumption is that counsel's conduct "falls within the wide range of reasonable professional assistance."  Id. at 689.  To satisfy the second prong under the Strickland test, Petitioner must show that but for counsel's errors, the outcome of the proceedings would have been different. Id. at 691.  The analysis may begin with the second prong and if Petitioner fails to show actual prejudice, the Court need not consider the reasonableness of counsel's behavior.  Id.  Here, the Court will focus on the second prong - actual prejudice.

### 1.     Plea Agreement Entered Into Prematurely

Petitioner argues that counsel failed to adequately investigate or seek discovery with respect to the criminal charges before counseling him to enter into a Plea Agreement.  In support, he notes that the court's docket of his criminal case is devoid of any discovery motions, and because there are only eleven days between the filing of the Information and the entry of his guilty plea, counsel could not have had an appropriate opportunity to inspect the government's evidence against him.  Petitioner argues that if counsel had completed an adequate investigation, counsel would have reviewed a civil action brought in state court which involved the same scheme that is the subject of Petitioner's criminal action, and which demonstrates that William Jacques Gibbs is the real criminal and that Petitioner was merely Gibb's dupe.

Petitioner further asserts that had counsel reviewed the transcript of his proffer interview, counsel would have discovered that Petitioner did not admit any wrongdoing during that interview, which bolsters his actual innocence claim.

Even assuming as true Petitioner's claim that counsel failed to investigate the civil action against William Gibbs and did not review the transcripts of his

7

proffer interview, Petitioner has failed to demonstrate that the result of this case would have been different.

The government asserts it was prepared to offer evidence at trial to show that Petitioner misused funds entrusted to him through banking documents and through the testimony of his victims.  Further, at his plea hearing, Petitioner admitted that he obtained funds from investors by telling them the money would be invested in a program to buy and resell properties around the country, but contrary to these statements, Petitioner took some of this money and spent it on himself.  (Doc. No. 36 (Plea Tr. at 22).)  Petitioner further admitted that he used the U.S. mails to further his scheme to defraud.  (Id. at 24.)

Petitioner admitted that he met with his attorney several times before entering into the Plea Agreement and that she had gone over all of the evidence with him and whether or not he should go to trial.  (Id. at 19.)  He further informed the Court that he was satisfied with her representation.  (Id.)

A petitioner's statements at his plea hearing "carry a strong presumption of verity." Pennington v. Housewright, 666 F.2d 329, 331 (8th Cir. 1981) (quoting Blackledge v. Allison, 431 U.S. 63, 73 (1977)).  In this case, Petitioner has failed to put forth sufficient evidence by which to overcome this presumption.  Thus,

given his admissions of guilt, and his admissions that he had entered into the Plea Agreement and Sentencing Stipulations knowingly, voluntarily and intelligently, Petitioner has not demonstrated how additional investigation would have altered the result of his case.

Accordingly, the Court finds that Petitioner has failed to demonstrate that counsel's alleged lack of investigation caused him actual prejudice.

### 2.     Statute of Limitations

Petitioner further asserts that a claim for mail fraud or money laundering is subject to a five-year statute of limitations period pursuant to 18 U.S.C. § 3282(a). On February 7, 2011, Petitioner was charged by Information with mail fraud and money laundering from October 2005 through October 2008.  Petitioner asserts that any conduct that occurred before February 7, 2006, however, was time-barred.  By advising Petitioner to plead guilty to conduct that was time-barred, his counsel subjected Petitioner to greater penalties and a higher restitution obligation.

The government responds that defense counsel's strategy of having Petitioner waive the limitations period allowed Petitioner to avoid being charged by indictment and a likelihood that he would be subject to additional charges

from a continued investigation. As set forth in Petitioner Ex. I, the government proposed, as part of plea negotiations, that if Petitioner agreed to enter a plea prior to indictment, the government would agree not to seek sentencing enhancements for abuse of trust, leadership and other enhancing factors. If Petitioner had proceeded to trial, however, he faced a longer sentence due to such enhancements. In addition, the government asserts the loss amount in this case was clearly documented, therefore the restitution amount most likely would not have changed had he gone to trial.

Again, the record demonstrates that Petitioner's plea of guilty was knowing, voluntary and intelligent. Petitioner has not demonstrated that the result of these proceedings would have been different had Petitioner not waived a defense based on the statute of limitations, been charged by indictment and had gone to trial. Accordingly, the claim of ineffective assistance of counsel based of the limitations argument has no merit.

### 3. Actual Innocence

Petitioner further argues that counsel was ineffective when she advised him to enter into a Plea Agreement because he is actually innocent of the crimes charged in the Information. Petitioner claims that he had an incomplete

understanding of the crimes charged, therefore his guilty plea was involuntary. He further asserts his alcohol consumption may have distracted him such that he lost control of his obligations to the investors. He argues, however, that there is no evidence of an intent to defraud. Finally, Petitioner alleges that counsel did not explain the elements of the charged crimes, therefore he did not understand what it truly meant to be guilty of money laundering.

As set forth above, the terms of the Plea Agreement and the statements he made at his plea hearing, are inconsistent with his claim of actual innocence. Petitioner stated under oath that he was guilty of the crimes charged and he admitted to the facts underlying those charges. At the plea hearing, he further admitted that he went over the terms of the Plea Agreement and sentencing stipulations in detail with his attorney, and that he understood the agreement. (Doc. No. 36 (Plea Tr. at 11).) Petitioner further admitted that he was clear headed and that his anti-depressant medication allowed him to focus mentally. (Id. at 18.) The Court thus finds that because Petitioner's statements at his plea hearing are inconsistent with his claim of actual innocence, his claim that counsel was ineffective because she advised him to enter into a Plea Agreement has no merit.

11

**IV. Certificate of Appealability**

With regard to the procedural rulings herein, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  With regard to the decisions on the merits, the Court concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Id.</u>  Therefore, the Court denies a Certificate of Appealability in this case.

IT IS HEREBY ORDERED that Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. No. 78] is DENIED.  The Court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:   January 3, 2014

s/ Michael J. Davis  
Michael J. Davis  
Chief Judge  
United States District Court