UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.  **ORDER**
Crim. No. 11-46 (MJD)

Robert W. Dufresne III,

    Defendant.

_____

    James S. Alexander, Assistant United States Attorney, Counsel for Plaintiff.

    Defendant is *pro se*.

_____

This matter is before the Court on the Defendant's *pro se* motion for adjustment of the forfeiture money judgment.

**I.**    **Background**

On February 7, 2011, the Defendant was charged by Information with mail fraud in violation of 18 U.S.C. § 1342 and money laundering in violation of 18 U.S.C. §§ 1957 and 2.  (Doc. No. 1)  On February 18, 2011, the Defendant entered into a Plea Agreement and pleaded guilty to the crimes charged in the Information, which included Count 1, Mail Fraud, and Count 2, Money

1

Laundering. (Doc. No. 5)

On May 18, 2011, the Court imposed a forfeiture money judgment in the amount of $5,241,749.15 against the Defendant as a result of his conviction on Count 1 of the Information. See Preliminary Order of Forfeiture (Docket No. 19) and Final Order of Forfeiture. (Docket No. 61) The Preliminary Order provided that the Defendant "shall be given a credit against this money judgment amount for the net forfeited value of each specific asset finally forfeited in this action." Id. ¶ 2.

Thereafter, the government forfeited seven assets from the Defendant, including $368,070.05 that was returned from the Receivership established in connection with Securities and Exchange Comm. v. Travis Correll, Civ. No. 4:05-cv-472 (RAS) (E.D. Texas). See Final Order of Forfeiture (Doc. No. 61), Second Final Order of Forfeiture (Doc. No. 76). The net proceeds from the forfeiture of these assets have been credited against the forfeiture money judgment. The current balance is $4,837,042.83.

The Defendant now requests the Court to credit against this money judgment the amount paid to settle a separate state court case. The case the Defendant refers to involved the Defendant and many other individuals as

defendants.  The United States was not a party to that action.

The Orders for forfeiture in this action did not contemplate that the forfeiture judgment amount could be reduced by the settlement referred to in Defendant's motion, nor has the Defendant provided this Court any authority by which it could so reduce the forfeiture judgment.  In addition, it is unclear whether the Defendant contributed funds towards the settlement of the state court action.  As the United States was not a party to that action, there is no indication that any funds were forfeited to the United States from the settlement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for the Adjustment of Personal Money Judgment [Doc. No. 88] is DENIED.

Date:   August 21, 2014

                                             s/ Michael J. Davis
                                             Michael J. Davis
                                             Chief Judge
                                             United States District Court